UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK ALLISON,

    Plaintiff,                       CASE NO. 09-CV-10099

v.                                  DISTRICT JUDGE THOMAS L. LUDINGTON
                                   MAGISTRATE JUDGE CHARLES E. BINDER

N. MARTIN, SAVI KAKANI,
ANIL PRASAD, and JOHN DOE,

    Defendants.
                               /

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS KAKANI and PRASAD'S MOTION TO DISMISS
AND DEFENDANT MARTIN'S MOTION TO DISMISS**
(Docs. 14, 16)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motions be **GRANTED** and that the case be dismissed in its entirety.

**II.    REPORT**

    **A.    Background**

Plaintiff Derrick Allison, a Michigan inmate, filed this prisoner civil rights action on January 9, 2009. Plaintiff's application to proceed without prepayment of fees was granted on January 13, 2009. The case was referred to the undersigned magistrate judge for pretrial management on January 26, 2009. (Doc. 4.)

Plaintiff is currently incarcerated by the Michigan Department of Corrections ("MDOC") at the Alger Maximum Correctional Facility ("LMF") in Munising, Michigan. The events giving

rise to his lawsuit occurred while Plaintiff was incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan.  Plaintiff suffers from eczema.  Plaintiff alleges that although he was "given one small refill of Kenalog ointment" in April 2008, he experienced "further irritation from 4/08-5/08 and request[ed] [a] larger refill of Kenalog lotion instead of the generic or substitute ointment I got one [sic] response to several kites where (RN) Ausdale said she would put request on (PA) Kakani's desk." (Doc. 1 ¶ 2.)  Plaintiff had sent a kite in early May because he was scratching himself in his "sleep to the"point of bloodying [his] sheets."  (*Id.* ¶ 3.)  On May 10, 2008, Plaintiff indicates that Nurse Van Ausdale responded to the kite, indicating that she had made a second request to Defendant Kakani on behalf of Plaintiff.  (*Id.*)

On May 24, 2008, Nurse Van Ausdale responded to another complaint by informing Plaintiff that he was scheduled for an appointment on May 29, 2008.  (*Id.* ¶ 4.)  When Plaintiff was not called out for his appointment on that day, he submitted another kite on May 29, 2008.  (*Id.* ¶ 5.)  Having received no response to that kite, Plaintiff filed Grievance # ARF-08060-1053-12F2 on June 2, 2008.  (*Id.* ¶ 6.)

Plaintiff avers that on June 7, 2008, Nurse Van Ausdale informed him that Defendant Kakani was cancelling orders for his medication, so Plaintiff sent another kite on June 16, 2008. (*Id.* ¶¶ 7, 8.)  On June 18, 2008, Nurse Van Ausdale responded to the kite, indicating she had placed his file on Defendant Kakani's "desk for her to write a new order."  (*Id.* ¶ 9.)  On June 30, 2008, Plaintiff was invited to speak with Nurse Rothar, but "refused, stating, 'either give me meds or flat-out refuse me.'"  (*Id.* ¶ 10.)

Plaintiff was examined by Defendant Kakani on July 2, 2008.  However, Plaintiff complains that he "was upset because of the poor nature of the exame [sic] (a quick glance under no lights, while I was in chains and still dressed) [so he] informed Kakani she was not a dermatologist and

2

didn't know what she was doing or talking about." (*Id.* ¶ 11.) Another series of complaints and responses followed. (*Id.* ¶¶ 12-17.) Plaintiff alleges that Nurse Clark informed him that Defendant Kakani has been purposeful in denying him his medication refills. (*Id.* ¶ 18.) On July 25, 2008, Plaintiff "showed (RN) Brent [his] inflammation [and RN Brent' [t]old [Plaintiff] [he] would report it." (*Id.* ¶ 19.) Plaintiff states that Nurse Van Ausdale indicated that she was "powerless" to do anything other than report and file requests or complaints. (*Id.* ¶ 20.) On July 29, 2008, "(RN) Rothar performed a skin exame [sic] through [Plaintiff's] food tray slot and acted as though she saw nothing worthy of treatment." (*Id.* ¶ 22.)

On August 1, 2008, Plaintiff sent a medical kite to Defendant Prasad, M.D., and followed up with a letter to Defendant Prasad on August 3, 2008. (*Id.* ¶¶ 24, 25.) More kites were sent on August 14, 2008, and on August 18, 2008. Nurse Van Ausdale scheduled Plaintiff to see Defendant Prasad on August 19, 2008. (*Id.* ¶ 27.) On August 22, 2008, Nurse Brent and Sergeant Johnson saw Plaintiff's skin and each indicated he would notify medical staff about Plaintiff's condition. (*Id.* ¶ 28.) On August 23, 2008, Nurse Brent told Plaintiff that he would talk to Defendant Prasad, but that he had heard "they can't get Kenalog." (*Id.* ¶ 29.) On August 24, 2008, Nurse Marine checked Plaintiff and "noted extreme dryness of skin." (*Id.* ¶ 30.) Plaintiff filed another kite on August 25, 2008, but was refused antibiotic ointment by Nurse Van Ausdale on August 26, 2008. (*Id.* ¶¶ 31, 32.)

Plaintiff indicates that on September 4, 2008, Nurse Marine checked his skin and stated that "it looked like psoriasis, quite the contrary to 8/24 exame [sic]." (*Id.* ¶ 33.) Plaintiff sent a letter of complaint to Defendants Kakani and Prasad on September 5, 2008, "who never responded." (*Id.* ¶ 34.) Plaintiff received responses from others on September 8 and 10, 2008, and on September 11, 2008, Plaintiff was transferred to "JCF," i.e., the G. Robert Cotton Correctional

Facility in Jackson, Michigan. (*Id.* ¶¶ 36, 37.) Plaintiff was given Kenalog ointment and was transferred to the Alger Correctional Facility ("LMF") in Munising, Michigan, where he currently resides, on October 17, 2008. (*Id.* ¶¶ 37, 40.) Although Plaintiff's complaint includes events occurring after his transfer to LMF, any complaint regarding those events would need to be filed in the United States District Court for the Western District of Michigan.

Plaintiff's complaint alleges that the above actions constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. (*Id.* at 10.) Plaintiff seeks injunctive relief, compensatory damages and punitive damages in the amount of $100,000. (*Id.* at 11.)

The two motions before the Court are Defendant Kakani and Prasad's motion to dismiss contending that Plaintiff's complaint does not allege facts that state a claim for deliberate indifference to serious medical needs (Doc. 14) and Defendant Martin's "motion to dismiss under Rule 56." (Doc. 16.) Although Rule 56 refers to motions for summary judgment rather than motions to dismiss, since it is not necessary to look to any evidence beyond the face of the complaint, the Court will treat both motions as motions to dismiss. Defendant Martin's motion argues that she was not personally involved in the actions giving rise to the complaint other than review of grievance responses, which is insufficient, and that she is entitled to qualified immunity. (Doc. 16.)[1]

Upon review of the documents, I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), these motions are ready for Report and Recommendation without oral argument.

**B.     Motion Standards**

---

[1] Defendant Martin also argues that any official capacity claims are barred by the Eleventh Amendment; however, since I suggest the claim may be dismissed on substantive grounds, I do not need to address that issue.

In facing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

The Supreme Court recently explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (finding assertions that a defendant was the "principal architect" of an invidious policy and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 of the Federal Rules of Civil Procedure "marks a notable and generous departure from the hyper-

5

technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Courts are not to "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to identify a claim not alleged in the complaint, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of

state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

### C. Defendant Martin

Defendant Martin argues that she was not personally involved in the actions giving rise to the complaint other than review of grievance responses, which she contends is insufficient to give rise to potential liability under section 1983. (Doc. 16.)

It is beyond dispute that liability under § 1983 must be based on active unconstitutional behavior, not on a failure to act. *Green v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998) (liability must be based upon active unconstitutional behavior). *See also Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (stating that to establish personal liability of a government official under § 1983, a plaintiff must show that the official *caused* the deprivation of a federal right). In addition, the mere denial of a prisoner's grievance is not sufficient involvement to state a claim of constitutional dimension. *Alder v. Correctional Medical Servs.*, 73 Fed. App'x 839, 841 (6th Cir. 2003); *Martin v. Harvey*, 14 Fed. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").

Furthermore, liability under section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A party cannot be held liable under section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See, e.g., Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246

7

(6th Cir. 1989); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982); *Kesterson v. Moritsugu*, No. 96-5898, 1998 WL 321008, at **4 (6th Cir. 1998) (a plaintiff must "allege that a specific defendant performed a specific act that suffices to state a claim").

The only mention of Defendant Martin in the complaint is that on "10/14/08 N. Martin (Regional Healthcare Administrator) responded to grievance 12F2 stating this matter is under review because of length of time and number of [my] requests." (Doc. 1 ¶ 39 (brackets in original).) Denial of a grievance does not render the reviewing official personally involved in the deprivation alleged in the grievance. *See Lee v. Michigan Parole Bd.*, 104 Fed. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance"). Therefore, I suggest that Defendant Martin's motion to dismiss be granted.

### D.     Defendants Kakani and Prasad

Defendants contend that Plaintiff's complaint does not allege facts that state a claim for deliberate indifference of serious medical needs. (Doc. 14.) The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), that the deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment to the Constitution. The Court explained that "[t]his conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105.

The standard for deliberate indifference is two-pronged, consisting of both a subjective and an objective element. *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271,

279 (1991). In order to satisfy the objective component of an Eighth Amendment claim, the plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)). The Constitution "'does not mandate comfortable prisons.'" *Wilson*, 501 U.S. at 298 (quoting *Rhodes*, 452 U.S. at 349). Rather, "routine discomfort 'is part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (quoting *Rhodes*, 452 U.S. at 347).

In cases where an inmate alleges deliberate indifference but the record demonstrates that the inmate received medical attention and is, in essence, filing suit because he disagrees with certain treatment decisions made by the medical staff, the defendant is entitled to summary judgment. *Westlake v. Lucas,* 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law"); *McFarland v. Austin*, 196 Fed. App'x 410, 411 (6th Cir. 2006) ("as the record reveals that McFarland has received some medical attention and McFarland's claims involve a mere difference of opinion between him and medical personnel regarding his treatment, McFarland does not state a claim under the Eighth Amendment"); *White v. Correctional Medical Services*, 94 Fed. App'x 262 (6th Cir. 2004) (where the essence of plaintiff's claims was that he disagreed with the defendants' approaches to his medical treatment, dismissal of complaint for failure to state a claim was affirmed); *Selby v. Martin*, 84 Fed. App'x 496, 499 (6th Cir. 2003) ("the record reveals that [plaintiff] not only received a medical evaluation by a nurse and a

physician, he also received instructions with regard to daily care of his abrasions. Thus, the record clearly reveals a competent and conscientious course of medical treatment, and [plaintiff's] dissatisfaction with his treatment does not state a claim under the Eighth Amendment").

Here, it is undisputed that Plaintiff received frequent medical attention. Plaintiff's complaint avers that he was seen by nurses or the physician's assistant over a dozen times between May and August of 2008 for his eczema. Plaintiff does not allege that he was denied medication, but rather complains that he was not given "Kenalog" in the quantity he requested and instead was given a generic topical cream. I suggest that Plaintiff's complaint reveals nothing more than a difference of opinion as to the treatment of his eczema which is insufficient to state a claim for deliberate indifference in violation of the Eighth Amendment. *See also Davies v. Low*, 297 Fed. App'x 634, 635 (9th Cir. 2008) (affirming summary judgment because difference of opinion regarding proper treatment of eczema did not constitute deliberate indifference); *Matthews v. Palte*, 282 Fed. App'x 770, 771 (11th Cir. 2008) (complaint that psoriasis was mistreated with the wrong cream did not state a claim for deliberate indifference); *Gossage v. Oldenkamp*, No. 94-35429, 1994 WL 594708 (9th Cir. Oct. 31, 1994) (treatment of inmate's psoriasis with topical cream did not amount to deliberate indifference despite inmate's request for ultraviolet light treatment).

I further suggest that the Eighth Amendment is not violated when an inmate disagrees with the type of drug prescribed, i.e., specific brand name versus generic, even if the decision is made based on cost rather than effectiveness and even if the generic drug is less effective. *DeBoer v. Luy*, 70 Fed. App'x 880, 883 (2003) (summary judgment properly granted because doctor did not act with deliberate indifference when he disagreed with prescription written by ENT specialist and instead prescribed a generic drug to treat inmate's ear infection); *Williams v. Ulep*, No. 3-06cv730,

10

2008 WL 5459776, at *3 (E.D. Va. Mar. 17, 2008) ("Plaintiff's unhappiness with his course of treatment is not sufficient to establish deliberate indifference because Plaintiff clearly was receiving some treatment, even if it was cheaper or not as effective as the treatment Plaintiff desired"); *Legler v. Bruce*, No. 06-3311-SAC, 2007 WL 4241845, at *2 (D. Kan. Nov. 27, 2007) (prescribing generic medication to cut costs does not amount to deliberate indifference); *Jilk v. Frank*, No. 07-C-569, 2007 WL 2053344, at *2 (E.D. Wis. July 16, 2007) ("the mere fact that treatment with the generic equivalent to Lamical and another drug did not work is not enough to state a claim for deliberate indifference"); *Brightwell v. Lehman*, No. 03-205J, 2006 WL 931702, at *8 (W.D. Pa. Apr. 10, 2006) ("Even assuming that Plaintiff is correct and he was given a generic substitute, disagreement over which drugs to administer simply does not demonstrate the deliberate indifference necessary to state an Eighth Amendment claim").

Therefore, I suggest that Plaintiff has failed to state a claim of deliberate indifference in violation of the Eighth Amendment and that Defendants' motion to dismiss should be granted.[2]

**E.    Conclusion**

Accordingly, I suggest that the motions to dismiss be granted and that the case be dismissed in its entirety with prejudice.

**III.   REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474

---

[2]Defendant Martin also argues that she is entitled to qualified immunity but since no constitutional violation is stated, there is no need to apply the qualified immunity analysis.

11

U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                 s/ *Charles E Binder*
                                                 CHARLES E. BINDER
Dated: June 17, 2009                        United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served upon counsel of record via the Court's ECF system, and was mailed by the U.S. Postal Service to the following non-ECF participant: Derrick Allison #416330, Alger Maximum Correctional Facility, Industrial Park Drive, P.O. Box 600, Munising, MI 49862.

Date: June 17, 2009                    By    s/Patricia T. Morris
                                              Law Clerk to Magistrate Judge Binder