UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK ALLISON,

                Plaintiff,                Case Number 09-10099-BC
                                                Honorable Thomas L. Ludington

v.

NANCY MARTIN, SAVI KAKANI, ANIL
PRASAD, JOHN DOE,

                Defendants.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTIONS TO DISMISS, DISMISSING COMPLAINT WITH PREJUDICE, AND DENYING AS MOOT REMAINING PENDING MOTIONS**

        In his complaint [Dkt. # 1], pro se Plaintiff Derrick Allison alleges claims against Defendants Nancy Martin, Savi Kakani, Anil Prasad, and John Doe. Plaintiff's claims arise out of the medical care he received while incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. Defendant Martin is a quality assurance specialist who reviewed Plaintiff's grievances regarding his medical treatment. Defendant Kakani is a physician's assistant who treated Plaintiff and Defendant Prasad is a doctor to whom Plaintiff alleges that he sent kites requesting medical attention.

        The matter is now before the Court on a report and recommendation issued by Magistrate Judge Charles E. Binder on June 17, 2009 [Dkt. # 21], regarding both Defendants Prasad and Kakani's motion to dismiss [Dkt. # 14], and Defendant Martin's motion to dismiss [Dkt. # 16]. The magistrate judge concluded that Defendants Prasad and Kakani's motion to dismiss should be granted because the facts alleged by Plaintiff do not state a claim for "deliberate indifference" to a serious medical need. The magistrate judge emphasized that Plaintiff received medical attention for

his eczema, but simply disagreed with the speed and type of treatment that he received. The magistrate judge concluded that Defendant Martin's motion to dismiss should be granted because the act of denying a grievance does not create sufficient personal involvement for a claim pursuant to 42 U.S.C. § 1983.

On or about June 26, 2009, Plaintiff filed objections to the magistrate judge's report and recommendation [Dkt. # 22]. On June 29, 2009, Defendants Prasad and Kakani filed a response to Plaintiff's objections [Dkt. # 23]. On or about July 20, 2009, Plaintiff filed a "response" to Defendants' response [Dkt. # 27]. Plaintiff's objections largely restate his response to Defendants' motions to dismiss. Nonetheless, Plaintiff clearly enumerated his objections, thus, the Court will address each objection to the extent that review of the magistrate judge's findings is appropriate. For the reasons stated below, the Court will overrule Plaintiff's objections, adopt the magistrate judge's report and recommendation, grant Defendants' motions to dismiss, and dismiss the complaint with prejudice.

Plaintiff's first objection emphasizes that his eczema was serious enough to cause pain and bleeding. He asserts that Defendants were sufficiently aware of the seriousness of his condition such that the treatment they provided amounted to a denial of medication. Plaintiff's second objection simply asserts that his factual allegations raise his right to relief beyond the speculative level. Plaintiff's third objection contends that Defendant Martin was personally involved in the circumstances giving rise to his claims because when reviewing his grievances, "she had power, and duty, to effect change regarding Plaintiff's serious needs." Plaintiff's fourth objection emphasizes that he is suing because he was denied his constitutional rights, not because he disagreed with the treatment that he received. Specifically, Plaintiff contends that it was three months before he

received medical attention for his eczema and that the treatment he received amounted to no treatment at all.

A review of the report and recommendation, along with the record, leads to the conclusion that Plaintiff's objections are without merit. While Plaintiff continues to assert that he does not merely disagree with the treatment that he received and contends that his constitutional rights were violated, the record belies his contention. In his complaint, Plaintiff alleged that he had received an ointment in April 2008, shortly after arriving at the Gus Harrison Correctional Facility. Thereafter, he received a generic version of the ointment, despite complaining that it was not effective. Plaintiff alleged that Defendant Kakani examined him on July 2, 2008, but that the exam was inadequate, and then another registered nurse examined him on July 29, 2008. Plaintiff alleged that he was seen again on August 23, 2008, but that he did not receive any ointment. He was seen again on September 4, 2008, but did not receive any ointment until after his transfer to another facility on September 11, 2008. Given Plaintiff's factual allegations, the magistrate judge correctly concluded that Plaintiff had not demonstrated that Defendants' actions were "deliberately indifferent" to a serious medical need. Additionally, Plaintiff's objection that Defendant Martin was personally involved is adequately resolved by the magistrate judge's analysis on pages seven and eight of the report and recommendation; and the analysis will not be repeated here.

Accordingly, it is **ORDERED** that Plaintiff's objections [Dkt # 23] are **OVERRULED**, and the magistrate judge's report and recommendation [Dkt # 21] is **ADOPTED**.

It is further **ORDERED** that Defendants Prasad and Kakani's motion to dismiss [Dkt. # 14], and Defendant Martin's motion to dismiss [Dkt. # 16] are **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint [Dkt. # 1] is **DISMISSED WITH**

PREJUDICE.

It is further **ORDERED** that the remaining pending motions [Dkt. # 28, 30] are **DENIED AS MOOT**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 2, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 2, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

---